In 1994, defendant-appellant, Christopher J. Klein, pleaded guilty to one count of the illegal use of a minor in a nudity-oriented material or performance in violation of R.C. 907.323(A)(1). Appellant was sentenced to two to fifteen years in prison and was granted probation after serving ninety days. Appellant violated his probation in 1995 and had his sentence reimposed. Shock probation was granted in 1996, but appellant committed another probation violation the following year and was returned to prison.
The Department of Rehabilitation and Correction subsequently recommended that appellant be adjudicated a sexual predator. Following a hearing conducted pursuant to R.C. 2950.09, the trial court found appellant to be a sexual predator. It is from this finding that appellant appeals setting forth six assignments of error.
The first assignment of error claims that the trial court's decision adjudicating appellant a sexual predator is against the manifest weight of the evidence.
Under R.C. 2950.09(C)(2), a determination that an offender is a sexual predator must be supported by clear and convincing evidence. State v. Brown (Oct. 19, 1998), Warren App. No. CA98-03-034, unreported, at 15. Our role is to determine whether the record contains evidence which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Id., citing Cross v.Ledford (1954), 161 Ohio St. 469.
At appellant's hearing, the prosecutor testified that appellant's surreptitious videotaping of young boys in an amusement park locker room led to his 1994 conviction for violating R.C. 2907.323-(A)(1). The trial court also considered appellant's actions which twice led to probation revocations. These included conduct in Indiana involving circumstances very similar to the 1994 incident resulting in appellant's conviction and appellant's continued possession of several of the materials from his 1994 conviction. Appellant's only evidence consisted of a letter from his former counselor indicating appellant had been diagnosed with bipolarism and treated with Lithium. However, appellant's diagnosis and treatment occurred before his second probation violation.
Given the evidence and appellant's continued engagement in aberrant sexual behavior after he was twice released on probation, we find that the record contains clear and convincing evidence to support the trial court's determination. We further find that the trial court properly considered relevant statutory factors under R.C. 2950.09(B)(2) in adjudicating appellant a sexual predator. State v. Brown. See, also, State v. Striley (Dec. 29, 1997), Clermont App. No. CA97-05-064, unreported. Appellant's first assignment of error is overruled.
Appellant's second and third assignments of error claim that the classification, registration and notification provisions of R.C. Chapter 2950 violate the ex post facto clause of the United States Constitution and the retroactive clause of the Ohio Constitution.
We find no merit in either of these assignments of error based upon the Supreme Court of Ohio's recent decision inState v. Cook (1998), 83 Ohio St.3d 404. See, also, State v.Brown. Accordingly, the second and third assignments of error are hereby overruled.
Appellant presents additional constitutional challenges to R.C. Chapter 2950 in his fourth, fifth, and sixth assignments of error. These identical constitutional questions have already been considered and rejected by this court. See State v. Brown. Thus, appellant's fourth, fifth, and sixth assignments of error are likewise overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.